Antonio SERRANO–MENJIVAR; Marina Serrano–Hernandez, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75379.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioners.

John F. Hyland, Esquire, William C. Minick, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Antonio Serrano–Menjivar and Marina Serrano–Hernandez, natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that Serrano–Menjivar failed to establish a well-founded fear of future persecution because he did not demonstrate either that his brother-in-law's murder and the threats made against him in 2001 were committed by the government or persons the government is unable or unwilling to control, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005), or that the murder and threats were motivated, even in part, by an imputed political opinion or other protected ground, *see Kozulin v. INS,* 218 F.3d 1112, 1116 (9th Cir.2000).

We lack jurisdiction to consider Serrano–Menjivar's contention that he demonstrated a well-founded fear of persecution on account of his family membership because he did not raise it before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930–31 (9th Cir.2004).

Because Serrano–Menjivar did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.